In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-11-00406-CR
_____

### THOMAS DARRELL CROSS JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR27615**
_____

### MEMORANDUM OPINION

Thomas Darrell Cross Jr. appeals the conviction and 60-year sentence he received for the continuous sexual abuse of a child. *See* Tex. Penal Code Ann. § 21.02 (West Supp. 2012).[1] Cross raises two issues in his appeal. In issue one, Cross complains that during the guilt-innocence phase of his trial, the trial court should have excluded evidence that in 2007, he forced an eighteen-year-old female to have intercourse. In issue two, Cross argues that during the punishment phase of his trial, the trial court erred when

_____

[1]Because the amendment to section 21.02 is not material to this case, we cite the current version of the statute.

1

it denied his request to include an instruction in the charge advising the jury that he would not be eligible for parole.

## Extraneous Offense

In issue one, Cross complains of the trial court's admission of evidence regarding his 2007 sexual encounter with an adult female. Under the Texas Rules of Evidence, evidence of the defendant's other crimes, wrongs, or acts is not admissible "to prove the character of a person in order to show action in conformity therewith[,]" but such evidence may be admissible for other purposes, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Tex. R. Evid. 404(b). An exception to Rule 404(b) courts have recognized which can allow otherwise inadmissible evidence to be admitted concerns evidence that rebuts a defendant's theory that a witness is lying. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). For example, when a defendant suggests in opening statement that the allegations of a complaining witness have been fabricated, a trial court may allow the State to introduce relevant evidence which tends to rebut that suggestion. *See Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008).

When the extraneous evidence being offered has relevance to show something other than the fact that the defendant acted in a manner consistent with his character, trial courts are given discretion to admit or exclude such evidence. *See Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (noting that "[i]f the trial court's evidentiary

ruling is correct on any theory of law applicable to that ruling, it will not be disturbed, even if the trial judge gave the wrong reason for his correct ruling"). A ruling admitting evidence of an extraneous offense is reviewed under an abuse of discretion standard, and if the trial court's ruling is within the zone of reasonable disagreement, "there is no abuse of discretion, and the trial court's ruling will be upheld." *Id.* (citing *Prible v. State,* 175 S.W.3d 724, 731 (Tex. Crim. App. 2005)).

In 2009, the State accused Cross of committing sexual abuse during 2008 with the child that resulted in the indictment and conviction at issue here. Before the testimony at issue was introduced during Cross's trial, Cross objected, arguing that the testimony about the 2007 sexual encounter with the adult female was inadmissible, and that if admitted, the testimony would be inflammatory. Addressing one of Rule 404(b)'s exceptions, the trial court asked Cross's counsel, outside the jury's presence, whether Cross was claiming "that [the child] is making up these allegations." In response, Cross's counsel stated: "That's correct." At that point, the trial court explained that the testimony at issue appeared relevant in light of Cross's defensive theory; the trial court then ruled that the testimony would be admitted.

Subsequently, the prosecutor explained that he intended to prove the adult female was approximately the same physical size as the minor female when the respective assaults occurred, inferring the adult female's testimony would also tend to rebut Cross's suggestion that the females were too large for Cross to have overpowered the two

3

females. The trial court explained to counsel, in light of Cross's arguments, that the probative value of the evidence about the 2007 encounter with the adult female outweighed its prejudicial effect. *See* Tex. R. Evid. 403.

The defensive theories on which Cross intended to rely would have been apparent to the trial court from the statements that Cross's counsel made prior to the trial court's ruling to admit the testimony at issue. In opening statement, Cross's counsel stated the child would describe actions that occurred long ago that were "just not humanly possible" because Cross "is average size[,]" and "the stuff she's going to testify you would have to be 7 foot tall." Defense counsel also told the jury that the evidence would show the child's abuse could not have occurred unnoticed in a small trailer house occupied by five people, offered an innocent explanation intended to explain why the police found Cross's DNA and the child's blood on the child's blanket, and suggested a possible motive explaining why the child's claim might be false. The testimony the trial court admitted reflects that the adult female involved in the 2007 incident and the child involved in the 2008 incident were similar in size, although the child was somewhat taller than the adult female when the respective encounters occurred.

Finally, Cross developed his theory suggesting the child had fabricated her claim while examining the State's witnesses. On cross-examination, the witness who interviewed the child at a facility where the claim of abuse was investigated conceded that children sometimes lie, that she knew of instances of false outcries, that she could

not tell if a child was lying, and that she had been trained to look for indications of coaching.

Cross argues the testimony about his encounter with the adult female is not probative because it does not rebut his theory that the child wrongfully accused him of assaulting her. Nevertheless, the trial court could exercise its discretion in determining that the extraneous offense evidence was probative and relevant because the testimony tends to rebut the theories Cross raised at trial. *See Bass*, 270 S.W.3d at 563. In light of *Bass*, a case the trial court specifically referenced in ruling on Cross's objection, we cannot say the trial court's determination lies outside the zone of reasonable disagreement. *See* Tex. R. Evid. 404(b). We hold the trial court did not abuse its discretion by admitting the evidence regarding Cross's sexual encounter with the adult female.[2]

Cross also contends the trial court erred in admitting the evidence at issue because the danger that the evidence would unfairly prejudice his right to a fair trial substantially outweighed any probative value of the evidence. *See* Tex. R. Evid. 403. Factors considered in a Rule 403 balancing test include:

---

[2]On appeal, Cross argues the trial court's instruction was overly broad, allowing the jury to consider the evidence for reasons other than those the State suggested allowed the trial court to admit the evidence during the trial. However, the instruction at issue in Cross's case did not limit the jury's consideration of the evidence at issue solely to matters unsupported by any evidence. *See Blackwell v. State*, 193 S.W.3d 1, 16 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). As a result, we need not determine whether the evidence at issue was also admissible under the other exceptions identified by the trial court's instruction. *See id.* at 10.

5

(1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2) the potential the other offense evidence has to impress the jury in some irrational but nevertheless indelible way;

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense;

(4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997) (internal quotations omitted). A trial court's Rule 403 ruling is reviewed for abuse of discretion, and like other evidentiary rulings, the trial court's ruling is also entitled to deference; i.e., "the Court of Appeals cannot simply substitute its own decision for the trial court's." *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

Cross argues that because the criminal charges arising from the extraneous offense were dismissed, the jury was motivated to convict him to "punish [him] for sexually assaulting [the adult female]." In support of his argument that the testimony was prejudicial, Cross references testimony that was introduced after the trial court made its ruling. However, "the appellate court must review the trial court's ruling in light of what

6

was before the trial court at the time the ruling was made." *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).[3]

While objecting that the extraneous offense evidence would be "highly inflammatory[,]" counsel for Cross noted that the child's testimony was "the best evidence" about whether Cross assaulted the child; he added, "I don't think we need a case that was dismissed in Harris County to help prove up this particular case." Cross's counsel did not suggest that the testimony about the encounter with the adult female would motivate the jury to find Cross guilty of assaulting the child to vindicate the rights of the adult female. Thus, the argument Cross makes on appeal to explain how the testimony was unduly prejudicial is not the same as the argument that he made at trial. *See* Tex. R. App. P. 33.1.

The trial court's instructions explaining to the jury how it should use the evidence at issue also reduces the possibility that admitting the testimony created any harmful error. We presume the jury followed the trial court's instructions regarding the relevance of any testimony about extraneous offenses. *See Thrift v. State*, 176 S.W.3d 221, 224

---

[3]On direct examination, the adult female stated that she reported the crime immediately, that she never told the police or the prosecutor that she did not want to prosecute, and that she still wanted the case to be prosecuted. On cross-examination, defense counsel suggested the police and the prosecutor viewed the case as one of consensual sex, and he elicited testimony that the criminal charges were dismissed. Without objection, the State further developed the circumstances surrounding the dismissal and the adult female's feelings about it. *See* Tex. R. App. P. 33.1. Additionally, the evidence regarding the State's decision to dismiss the criminal charges related to the 2007 encounter is not evidence of an extraneous act by the defendant, as Cross did not make the decision to dismiss that case.

(Tex. Crim. App. 2005). During trial, the jury was instructed that before it could consider evidence of the defendant's extraneous offenses or bad acts, it had to be convinced beyond a reasonable doubt that the offense actually occurred and that Cross was criminally responsible for it, regardless of whether he was charged or convicted of the offense. The trial court also instructed the jury that the evidence was offered for the limited purposes that "may bear upon Mr. Cross' motive, opportunity, intent, preparation, knowledge, or in rebuttal of any defensive theory in this case of fabrication." On the record before us, we presume the jury followed the trial court's instructions. *Id.*

We are not persuaded that the trial court abused its discretion by admitting the testimony at issue. We overrule issue one.

## Parole Instruction

According to Cross, the charge given during the punishment phase of his trial should have included an instruction advising that if convicted, he would not be eligible for parole. *See* Tex. Gov't Code Ann. § 508.145(a) (West 2012) (instructing that an inmate serving a sentence for an offense under section 21.02 of the Texas Penal Code is not eligible for release on parole). During the charge conference, Cross objected, complaining that the charge failed to include such an instruction.

Article 37.07, section 4 provides the instructions that trial courts are required to give juries to inform them about the law of parole. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (West Supp. 2012); *see also* Tex. Const. art. IV, § 11(a) ("The Legislature

8

shall have authority to enact parole laws and laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense."). In explaining the Legislature's intent regarding the provisions of article 37.07, the Court of Criminal Appeals has explained that "the Legislature did not want any creative deviations from its chosen language" regarding parole law instructions; consequently, trial judges cannot "cut and paste as they see fit." *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002).

Nevertheless, article 37.07, section 4, provides that the language generally required in a charge addressing the law of parole does not apply to offenses arising under sections 21.02 and section 22.021(f) of the Penal Code or to capital felonies. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 4. Cross was convicted of continuous sexual abuse of a child, a violation of section 21.02 of the Penal Code. *See* Tex. Penal Code Ann. § 21.02. Thus, the requirements of article 37.07 do not apply.

The Legislature has the authority to enact laws that require or permit courts to inform juries about the effect of good conduct time and eligibility for parole or mandatory supervision on the period of incarceration served by a defendant convicted of a criminal offense. *See* Tex. Const. art. IV, § 11(a). The Court of Criminal Appeals has expressed its reluctance to deviate from statutory instructions that are prescribed by the Legislature. *See Luquis*, 72 S.W.3d at 363-64. The Court of Criminal Appeals has

9

indicated that generally, special, non-statutory instructions have no place in the charge. *Kirsch v. State*, 357 S.W.3d 645, 651-52 (Tex. Crim. App. 2012). The instruction that Cross requested about the potential effect of a conviction on his eligibility for parole was a special, non-statutory instruction. The Legislature has not provided for such an instruction in prosecutions for continuous sexual abuse of a child; consequently, we conclude the trial court did not err in refusing the instruction that Cross requested. *See Wesbrook v. State*, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000).

Cross also argues that article 37.07 deprives him of his right to equal protection under State and Federal law, but he has not cited any authority in support of that claim. Additionally, regarding his complaint of charge error, Cross failed to object during trial on equal protection grounds. "[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State,* 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). By failing to first assert an objection or motion on equal protection grounds at trial, Cross failed to preserve his equal protection challenge for review on appeal. *See* Tex. R. App. P. 33.1.

We hold that the trial court did not err by refusing Cross's requested instruction on his eligibility for parole. We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

 

_____

HOLLIS HORTON
Justice

Submitted on September 28, 2012
Opinion Delivered December 19, 2012
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.